65 F.3d 177
 1995 A.M.C. 2996
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Jerald WITT, Jr., Plaintiff-Appellant,
v.
AMERICAN TRADING & TRANSPORTATION COMPANY, INC., a Maryland
Corporation; First Attransco Tanker Corporation,
a Maryland Corporation, Defendants-Appellees.
 No. 93-35544.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1994.
Decided July 26, 1995.
 
 Before: FLETCHER, D.W. NELSON, and RYMER, Circuit Judges.
 ORDER
 The memorandum disposition filed December 1, 1994 is withdrawn. With the memorandum disposition withdrawn, the petition for rehearing with suggestion for rehearing en banc, and the motion to publish are moot.
 Before: FLETCHER, D.W. NELSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas Witt, superintendent of a ship repair company called West State, Inc. ("WSI"), appeals the summary judgment entered in favor of American Trading Transportation Co., Inc. and First Attransco Tanker Corp. ("shipowner"), in his action under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. Sec. 905(b), for damages for injuries suffered when he inadvertently stepped into a 5' by 8' access hole in the floor of an unilluminated, empty fuel tank of the ship his company was hired to repair and modify. Since the district court's decision that the vessel did not breach its duties to Witt as a matter of law, and after our first disposition of this case, Thomas v. Newton International Enterprises, 42 F.3d 1266 (9th Cir.1994), was decided. As it clarifies the law to be applied in a case such as this, we reverse and remand.
 
 
 3
 * American Trading's argument in support of the judgment turns on whether the Supreme Court's decision in Howlett v. Birkdale Shipping Co., S.A., 114 S.Ct. 2057 (1994), undermines our previous opinion in Martinez v. Korea Shipping Corp., 903 F.2d 606 (9th Cir.1990). That argument is foreclosed by Thomas. Under Thomas and Martinez, a triable issue of fact is raised as to whether the defect was obvious and the vessel violated its turnover duty of safety.
 
 II
 
 4
 American Trading alternatively urges us to affirm on the ground that Witt came within the ship repairer's exception to the turnover duty of safety. We have held, however, that the exception only applies when "a repairman is injured by the very condition he is hired to repair." Peters v. Titan Nav. Co., 857 F.2d 1342, 1345 (9th Cir.1988). As Witt was not hired to repair the access hole, we cannot say this occurred here. The exception, therefore, does not apply.
 
 
 5
 REVERSED AND REMANDED.
 
 RYMER, Circuit Judge, concurring:
 
 6
 I concur only because we are bound by Thomas v. Newton International Enterprises, 42 F.3d 1266 (9th Cir.1994). Contrary to Thomas, I believe that Martinez was implicitly overruled by Howlett v. Birkdale Shipping Co., S.A., 114 S.Ct. 2057 (1994), because the Court vacated our opinion in Riggs v. Scindia Steam Navigation Co., 8 F.3d 1442, 1447-48 (9th Cir.1993), which had relied on Martinez. Scindia Steam Nav. Co. v. Riggs, 114 S.Ct. 2701 (1994). Martinez, in turn, is at odds with two other of our decisions, Bjaranson v. Botelho Shipping Corp., 873 F.2d 1204 (9th Cir.1989), and Bandeen v. United Carriers (Panama), Inc., 712 F.2d 1336 (9th Cir.1983). Without Thomas as the last word on the subject, I would affirm as Witt was an independent professional whose own people--including his number two assistant who was on the ladder with him--knew about the hole and took no steps to warn him about it or to light, cover, or guard the opening.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3